1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**CENTRAL DISTRICT OF CALIFORNIA**

8

9   HENRY McGUIRE,                    ) Case No. EDCV 18-2370-JVS (JPR)
                                      )
10                  Plaintiff,        )
                                      ) ORDER DISMISSING ACTION FOR
11           v.                       ) FAILURE TO PAY FILING FEE,
                                      ) FAILURE TO RESPOND TO COURT
12   UNITED STATES OF AMERICA,        ) ORDERS, AND FAILURE TO PROSECUTE
                                      )
13                  Defendant.        )
                                      )
14   ────────────────────────────────

15       Plaintiff, a federal prisoner housed at FCI Victorville,

16   filed this civil-rights action on October 25, 2018, in the

17   Western District of Tennessee without paying the filing fee or

18   submitting a request to proceed in forma pauperis.  On November

19   5, 2018, the case was transferred to this district, and on

20   November 15 the Court ordered the Complaint served.  On November

21   20, 2018, the Court ordered Plaintiff to submit an IFP

22   application and the necessary accompanying documents within 30

23   days and warned him that if he failed to do so his lawsuit would

24   be dismissed.  The deadline for filing an IFP application came

25   and went with no response from Plaintiff.

26       On January 16, 2019, Defendant moved to stay the case, and

27   the Court ordered a response from Plaintiff within 14 days.  None

28   came.  The Court's order requiring a response noted that if

1

Plaintiff did not submit an IFP application (or pay the filing fee) by the time his response was due, his lawsuit would once again be subject to dismissal.

After Defendant withdrew its motion to stay, it filed a motion for summary judgment, on February 20, 2019.  In advising Plaintiff of his obligations in opposing the motion, the Court warned him — for the third time, in bold, underlined letters — that "**[i]f Plaintiff does not submit a fully supported IFP application before or with his opposition to the motion for summary judgment, his lawsuit will likely be dismissed.**"

Plaintiff did not timely submit opposition to the summary-judgment motion or an IFP application, nor has he paid the filing fee.  The Court's review of the Federal Inmate Locator website reveals that he remains incarcerated at his address of record.

Under the Prison Litigation Reform Act, prisoners must pay the full filing fee.  See 28 U.S.C. § 1915(b)(1).  Here, despite repeated warnings, Plaintiff has neither paid the filing fee in full nor submitted an IFP application so that he can pay it in installments  A court may dismiss a prisoner's civil-rights action for failure to pay the initial partial filing fee (or indeed any portion of the full fee).  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (upholding dismissal of action for failure to pay initial partial filing fee when prisoner had enough money to buy "name brand toiletries" and snacks).  Dismissal is also appropriate when a prisoner fails to respond to an order to show cause concerning his failure to pay the filing fee.  See generally Dequon v. L.A. Cnty. Sheriff Dep't, No. CV 11-6136-RGK (SS)., 2011 WL 6816627, at *1, *4 (C.D. Cal. Dec. 2,

2

1   2011), <u>accepted by</u> 2011 WL 6822101 (C.D. Cal. Dec. 22, 2011).

2        Plaintiff has had several opportunities to submit an IFP

3   application or pay his filing fee.  Not only has he not done so,

4   he has not responded to the Court at all.  Indeed, since filing

5   his lawsuit nearly six months ago, he has not communicated with

6   the Court in any way, ignoring several orders and failing

7   completely to prosecute this lawsuit.

8        Plaintiff's failure to respond to the Court's orders brings

9   this case within the purview of <u>Carey v. King</u>, 856 F.2d 1439,

10  1441 (9th Cir. 1988) (per curiam), which examined when it is

11  appropriate to dismiss a lawsuit for failure to prosecute; <u>see</u>

12  <u>also</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629–30 (1962) ("The power

13  to invoke [dismissal] is necessary in order to prevent undue

14  delays in the disposition of pending cases and to avoid

15  congestion in the calendars of the District Courts.").

16       In deciding whether to do so, a court must consider "(1) the

17  public's interest in expeditious resolution of litigation; (2)

18  the court's need to manage its docket; (3) the risk of prejudice

19  to the defendants; (4) the public policy favoring disposition of

20  cases on their merits[;] and (5) the availability of less drastic

21  sanctions."  <u>Carey</u>, 856 F.2d at 1440 (citation omitted).

22  Unreasonable delay creates a "rebuttable presumption of

23  prejudice" to the defendant that can be overcome only with an

24  affirmative showing of just cause by the plaintiff.  <u>In re Eisen</u>,

25  31 F.3d 1447, 1452–53 (9th Cir. 1994).

26       Here, the first, second, third, and fifth <u>Carey</u> factors

27  militate for dismissal.  In particular, Plaintiff has offered no

28  explanation for his failure to pay the fee or even submit an IFP

3

application, and he has not bothered to respond at all to the two motions Defendant has filed.  Thus, he has not rebutted the presumption of prejudice to Defendants.  No less drastic sanction is available, as Plaintiff has been warned on three separate occasions that he had to submit an IFP application or pay the filing fee and he has instead simply ceased communicating with the Court.  Although the fourth <u>Carey</u> factor weighs against dismissal — as it does in every case — together, the other factors outweigh the public's interest in disposing of the case on its merits.

As one court has noted, proceeding in forma pauperis is a privilege, not a right, and an applicant's "lack of candor and cavalier treatment" of his duty to explain his financial status can result in sanctions, including dismissal.  <u>See</u> <u>Poslof v. Walton</u>, No. 1:11-cv-01407-LJO BAM., 2012 WL 691767, at *3 (E.D. Cal. Mar. 2, 2012), <u>accepted by</u> 2012 WL 968028 (E.D. Cal. Mar. 21, 2012).  It therefore is ORDERED that this action is dismissed under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing them for failure to prosecute and because Plaintiff has failed to pay the filing

1  fee or any portion of it and has ignored numerous Court orders.

2      LET JUDGMENT BE ENTERED ACCORDINGLY.

3

4

5  DATED: April 12, 2019                                    _____
                                                            JAMES V. SELNA
6                                                           U.S. DISTRICT JUDGE

7  Presented by:

8  _____
   Jean P. Rosenbluth
   U.S. Magistrate Judge
9